UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

KENDELL ROBERTS,

        Petitioner,

                                        Case Number 08-13362-BC
v.                                       Honorable Thomas L. Ludington

THOMAS K. BELL,

        Respondent.
_____/

## ORDER DENYING THE PETITIONER'S MOTION TO EXPAND THE RECORD

This matter is before the Court on Petitioner's motion to expand the record to add his own medical records which show that he received medical care for a broken leg in January, 2004, approximately four months before the date of the crimes he was convicted of committing occurred. Petitioner asserts that the medical records are relevant to his claim that trial counsel was ineffective for failing to investigate his case. Petitioner admits that he has not previously presented these records to the state courts and says he recently obtained them from out-of-state. Respondent has not filed an answer to the motion.

Generally, a federal court reviewing a habeas petition may not consider evidence which was not presented in state court unless the petitioner can establish that (1) he diligently sought to develop the claim in state court, or (2) he satisfies the conditions provided in 28 U.S.C. § 2254(e)(2). *See Richey v. Bradshaw*, 498 F.3d 344, 351 (6th Cir. 2007). Consequently, the record on habeas review can only be expanded in limited circumstances, and such a decision is discretionary with the district court. *See West v. Bell*, 550 F.3d 542, 551 (6th Cir. 2008).

Rule 7 of the Rules Governing Section 2254 permits a federal habeas court to supplement

the state court record with materials relevant to the resolution of the petition. A habeas litigant seeking to expand the record under Rule 7 is held to the same requirements as if he were seeking an evidentiary hearing under 28 U.S.C. § 2254(e). *See Holland v. Jackson*, 542 U.S. 649, 653 (2004). Under that provision, a federal habeas court may not conduct an evidentiary hearing where the petitioner has not developed the record in state court unless he shows that the claim relies upon a new, retroactively-applicable law or upon a factual predicate which could not have previously been discovered through due diligence. 28 U.S.C. § 2254(e)(2)(A); *see also Williams v. Taylor*, 529 U.S. 420, 435 (2000). "Diligence for purposes of the opening clause depends upon whether the prisoner made a reasonable attempt, in light of the information available at the time, to investigate and pursue claims in state court . . . ." *Williams*, 529 U.S. at 435. Additionally, the petitioner must show that "the facts underlying the claim would be sufficient to establish by clear and convincing evidence that but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense." 28 U.S.C. § 2254(e)(2)(B); *see also Sawyer v. Hofbauer*, 299 F.3d 605, 610 (6th Cir. 2002).

Petitioner has not met this standard. He offers no explanation as to why he was unable to previously obtain his own medical records from 2004 and present those records to the state courts on either direct appeal or collateral review of his convictions. He has not demonstrated that he diligently pursued his medical records before proceeding on federal habeas review. He has also not explained why the medical records are relevant to his ineffective assistance of counsel claim or why they would have altered the outcome at trial.

Accordingly, it is **ORDERED** that Petitioner's motion to expand the record [Dkt. # 16] is **DENIED**.

s/Thomas L. Ludington
THOMAS L. LUDINGTON
United States District Judge

Dated: January 27, 2011

---

**PROOF OF SERVICE**

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on January 27, 2011.

s/Tracy A. Jacobs
TRACY A. JACOBS

---