UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

KENDELL ROBERTS,

        Petitioner,

v.                                         Case Number 08-13362-BC
                                            Honorable Thomas L. Ludington

THOMAS K. BELL,

        Respondent.
_____/

**OPINION AND ORDER DENYING THE PETITION FOR A WRIT OF
HABEAS CORPUS AND DENYING A CERTIFICATE OF APPEALABILITY
AND LEAVE TO PROCEED IN FORMA PAUPERIS ON APPEAL**

Petitioner Kendell Duprese Roberts, a Michigan prisoner, seeks a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Petitioner was convicted of first-degree murder, Mich. Comp. Laws § 750.316(1)(a), two counts of assault with intent to murder, Mich. Comp. Laws § 750.83, and possession of a firearm during the commission of a felony ("felony firearm"), Mich. Comp. Laws § 750.227b, following a jury trial in the Wayne County Circuit Court in 2004. He was sentenced to life imprisonment without parole on the first-degree murder conviction, concurrent terms of 15 to 25 years imprisonment on the assault with intent to murder convictions, and a consecutive term of two years imprisonment on the felony firearm conviction.

In his application, Petitioner raises claims concerning the validity of an in-court identification at trial and the effectiveness of trial and appellate counsel. Because the claims are barred by procedural default or lack merit, the petition will be denied. A certificate of appealability and leave to proceed in forma pauperis on appeal will also be denied.

I.

Petitioner's convictions arise from the shooting death of Ray Redmond, the non-fatal shooting of Leonard Zavoeski, and shots being fired at off-duty police officer Daniel Emery outside Harpo's nightclub in Detroit, Michigan on May 19, 2004. The Court adopts the statement of facts set forth in the petition to the extent they are consistent with the record. *See* Pet. at 11-16.

After his convictions and sentencing, Petitioner filed an appeal of right with the Michigan Court of Appeals raising the following claims through counsel and in a supplemental pro se brief: (1) trial counsel was ineffective for failing to object to the medical examiner's testimony that the shooting was an "execution style" killing, for failing to seek suppression of eyewitness Michael Runkel's preliminary examination identification, and for failing to produce the clothes Petitioner was wearing when arrested; (2) the prosecutor engaged in misconduct by denigrating Petitioner and defense counsel and vouching for the credibility of the identifying witness; (3) the trial court erred in denying a motion for mistrial after Petitioner's statement to an evidence technician was admitted; and (4) the trial court erred in admitting a photograph of the victim and his son. The Michigan Court of Appeals initially remanded the case to the trial court for a hearing on the ineffective assistance of counsel issues, and subsequently affirmed Petitioner's convictions and sentence. *People v. Roberts*, No. 259083, 2006 WL 2632311 (Mich. Ct. App. Sept. 14, 2006) (unpublished). Petitioner sought leave to appeal with the Michigan Supreme Court, but his application was late and rejected as untimely.

Petitioner subsequently filed a motion for relief from judgment with the state trial court asserting that: (1) Michael Runkel's identification of Petitioner at trial was tainted due to unduly suggestive identification procedures; (2) trial counsel was ineffective for failing to investigate and

retrieve medical records of his prior unrelated leg injury; (3) there was insufficient evidence to convict him; (4) the trial court failed to adhere to the Michigan Court of Appeals' instructions on remand; and (5) appellate counsel was ineffective for failing to raise the foregoing issues on direct appeal. The trial court denied the motion pursuant to Michigan Court Rule 6.508(D)(3)(b)(i) and (iii). *People v. Roberts*, No. 04-006040-01 (Wayne Co. Cir. Ct. May 23, 2007) (unpublished). Petitioner filed a delayed application for leave to appeal in the Michigan Court of Appeals, which was denied for lack of merit on the grounds presented. *People v. Roberts*, No. 279410 (Mich. Ct. App. Oct. 17, 2007) (unpublished). Petitioner filed an application for leave to appeal with the Michigan Supreme Court, which was denied because he "failed to meet the burden of establishing entitlement to relief under MCR 6.508(D)." *People v. Roberts*, 480 Mich. 1185, 747 N.W.2d 267 (2008).

Petitioner thereafter filed the present habeas petition, raising the improper trial identification claim and the ineffective assistance of trial and appellate counsel claims presented to the state courts in his motion for relief from judgment and related appeals. The respondent, through the Michigan Attorney General's Office, filed an answer to the petition contending that it should be denied because the claims are barred by procedural default. Petitioner has filed a reply to that answer.

II.

The provisions of the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), Pub. L. No. 104-132, 110 Stat. 1214 (April 24, 1996), which govern this case, "circumscribe[d]" the standard of review federal courts must apply when considering applications for a writ of habeas corpus raising constitutional claims, including claims of ineffective assistance of counsel. *See Wiggins v. Smith*, 539 U.S. 510, 520 (2003).

As amended, 28 U.S.C. § 2254(d) permits a federal court to issue the writ only if the state court decision on a federal issue "was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court," or amounted to "an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d)(1)-(2); *Franklin v. Francis*, 144 F.3d 429, 433 (6th Cir. 1998). Mere error by the state court will not justify issuance of the writ; rather, the state court's application of federal law "must have been objectively unreasonable." *Wiggins*, 539 U.S. at 520-21 (quoting *Williams v. Taylor*, 529 U.S. 362, 409 (2000) (internal quotes omitted)). Additionally, this Court must presume the correctness of state court factual determinations. 28 U.S.C. § 2254(e)(1) ("In a proceeding instituted by an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court, a determination of a factual issue made by a State court shall be presumed to be correct."); *see also West v. Seabold*, 73 F.3d 81, 84 (6th Cir.1996) (stating that "[t]he court gives complete deference to state court findings of historical fact unless they are clearly erroneous").

The United States Supreme Court has explained the proper application of the "contrary to" clause as follows:

> A state-court decision will certainly be contrary to [the Supreme Court's] clearly established precedent if the state court applies a rule that contradicts the governing law set forth in our cases . . . .
>
> A state-court decision will also be contrary to this Court's clearly established precedent if the state court confronts a set of facts that are materially indistinguishable from a decision of this Court and nevertheless arrives at a result different from [the Court's] precedent.

*Williams*, 529 U.S. at 405-06.

The Supreme Court has held that a federal court should analyze a claim for habeas corpus relief under the "unreasonable application" clause of § 2254(d)(1) "when a state-court decision unreasonably applies the law of this Court to the facts of a prisoner's case." *Id*. at 409. The Court has "explained that an unreasonable application of federal law is different from an incorrect application of federal law. Indeed, a federal habeas court may not issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly. Rather, that application must be objectively unreasonable. This distinction creates a substantially higher threshold for obtaining relief than de novo review. The AEDPA thus imposes a highly deferential standard for evaluating state-court rulings, and demands that state-court decisions be given the benefit of the doubt." *Renico v. Lett*, _ U.S. _, 130 S. Ct. 1855, 1862, 1864-65 (2010) (finding that the state court's rapid declaration of a mistrial on grounds of jury deadlock was not unreasonable even where "the jury only deliberated for four hours, its [questions to the court] were arguably ambiguous, the trial judge's initial question to the foreperson was imprecise, and the judge neither asked for elaboration of the foreperson's answers nor took any other measures to confirm the foreperson's prediction that a unanimous verdict would not be reached") (internal quotation marks and citations omitted); *see also Knowles v. Mirzayance*, _ U.S. _, 129 S. Ct. 1411, 1419 (2009) (noting that the Supreme Court "has held on numerous occasions that it is not 'an unreasonable application of clearly established Federal law' for a state court to decline to apply a specific legal rule that has not been squarely established by this Court") (quoting *Wright v. Van Patten*, 552 U.S. 120, 125-26 (2008) (per curiam)); *Phillips v. Bradshaw*, 607 F.3d 199, 205 (6th Cir. 2010); *Murphy v. Ohio*, 551 F.3d 485, 493-94 (6th Cir. 2009); *Eady v. Morgan*, 515 F.3d 587, 594-95 (6th Cir. 2008); *Davis v. Coyle*, 475 F.3d 761, 766-67

(6th Cir. 2007); *King v. Bobby*, 433 F.3d 483, 489 (6th Cir. 2006); *Rockwell v. Yukins*, 341 F.3d 507, 511 (6th Cir. 2003) (en banc).

### III.

Petitioner asserts that he is entitled to habeas relief because of two trial errors. First, he claims that eyewitness Michael Runkel's identification at trial was tainted by unduly suggestive procedures. Second, he claims that trial counsel was ineffective for failing to sufficiently investigate the medical records of his leg injury. The respondent contends that these claims are barred by procedural default.

Federal habeas relief is precluded on claims that a petitioner has not presented to the state courts in accordance with the state's procedural rules. *See Wainwright v. Sykes*, 433 U.S. 72, 85-87 (1977). The doctrine of procedural default is applicable when a petitioner fails to comply with a state procedural rule, the rule is actually relied upon by the state courts, and the procedural rule is "adequate and independent." *White v. Mitchell*, 431 F.3d 517, 524 (6th Cir. 2006); *see also Howard v. Bouchard*, 405 F.3d 459, 477 (6th Cir. 2005); *Coleman v. Mitchell*, 244 F.3d 533, 539 (6th Cir. 2001). The last explained state court judgment should be used to make this determination. *See Ylst v. Nunnemaker*, 501 U.S. 797, 803-05 (1991). If the last state judgment is a silent or unexplained denial, it is presumed that the last reviewing court relied upon the last reasoned opinion. *Id.*

Petitioner first presented these specific claims to the state courts in his motion for relief from judgment. The Michigan Supreme Court denied relief pursuant to Michigan Court Rule 6.508(D), which provides, in part, that a court may not grant relief to a defendant if the motion for relief from judgment alleges grounds for relief which could have been raised on direct appeal, absent a showing of good cause for the failure to raise such grounds previously and actual prejudice resulting

therefrom. *See* Mich. Ct. R. 6.508(D)(3). The United States Court of Appeals for the Sixth Circuit has recently held that the form order used by the Michigan Supreme Court to deny leave to appeal in this case is unexplained because its citation to Michigan Court Rule 6.508(D) is ambiguous as to whether it refers to a procedural default or a rejection on the merits. *See Guilmette v. Howes*, 624 F.3d 286, 291-92 (6th Cir. 2010) (en banc). Consequently, under *Guilmette*, the Court must "look through" the unexplained order of the Michigan Supreme Court to the state trial court's decision to determine the basis for the denial of state post-conviction relief.

In this case, the state trial court clearly denied relief on procedural grounds. The trial court cited Michigan Court Rule 6.508(D)(3)(b)(i) and (iii) and concluded that Petitioner could not establish cause and prejudice because his underlying claims lacked merit and that he had not shown that a miscarriage of justice had occurred. Accordingly, Petitioner's trial identification and ineffective assistance of trial counsel claims are procedurally defaulted.

A state prisoner who fails to comply with a state's procedural rules waives the right to federal habeas review absent a showing of cause for noncompliance and actual prejudice resulting from the alleged constitutional violation, or a showing of a fundamental miscarriage of justice. *See Coleman v. Thompson*, 501 U.S. 722, 750-51 (1991); *Nields v. Bradshaw*, 482 F.3d 442 (6th Cir. 2007); *Gravley v. Mills*, 87 F.3d 779, 784-85 (6th Cir. 1996).

Petitioner asserts ineffective assistance of appellate counsel as cause to excuse his default. In order to establish ineffective assistance of counsel, Petitioner must show "that counsel's performance was deficient ... [and] that the deficient performance prejudiced the defense." *Strickland v. Washington*, 466 U.S. 668, 687 (1984); *O'Hara v. Wigginton*, 24 F.3d 823, 828 (6th Cir. 1994). In determining whether counsel's performance was deficient,

> [t]he court must … determine whether, in light of all the circumstances, the identified acts or omissions were outside the wide range of professionally competent assistance . . . . At the same time, the court should recognize that counsel is strongly presumed to have rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment.

*Strickland*, 466 U.S. at 690. Judicial scrutiny of counsel's performance is thus "highly deferential." *Id.* at 689. The defense is prejudiced only if "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 694.

It is well-established that a criminal defendant does not have a constitutional right to have appellate counsel raise every non-frivolous issue on appeal. *See Jones v. Barnes*, 463 U.S. 745, 751 (1983). The Supreme Court has explained:

> For judges to second-guess reasonable professional judgments and impose on appointed counsel a duty to raise every "colorable" claim suggested by a client would disserve the . . . goal of vigorous and effective advocacy . . . . Nothing in the Constitution or our interpretation of that document requires such a standard.

*Id.* at 754.

Strategic and tactical choices regarding which issues to pursue on appeal are "properly left to the sound professional judgment of counsel." *United States v. Perry*, 908 F.2d 56, 59 (6th Cir. 1990). In fact, "the hallmark of effective appellate advocacy" is the "process of 'winnowing out weaker arguments on appeal and focusing on' those more likely to prevail." *See Smith v. Murray*, 477 U.S. 527, 536 (1986) (quoting *Barnes*, 463 U.S. at 751-52). "Generally, only when ignored issues are clearly stronger than those presented will the presumption of effective assistance of appellate counsel be overcome." *Monzo v. Edwards*, 281 F.3d 568, 579 (6th Cir. 2002). Appellate counsel may deliver deficient performance and prejudice a defendant by omitting a "dead-bang winner," defined as an issue which was obvious from the trial record and would have resulted in reversal on appeal. *See Meade v. Lavigne*, 265 F. Supp. 2d 849, 870 (E.D. Mich. 2003).

Petitioner has failed to show that by omitting the claims presented in his motion for relief from judgment, appellate counsel's performance fell outside the wide range of professionally competent assistance. Appellate counsel presented legitimate issues on direct appeal, including other claims of ineffective assistance of trial counsel, several claims of prosecutorial misconduct, and a claim regarding the denial of a mistrial motion. Such issues, although ultimately unsuccessful, were substantial. The claims presented in the motion for relief from judgment were not obviously stronger than the ones raised by appellate counsel on direct appeal. To be sure, the trial court, in considering the prejudice component of the cause and prejudice test, found that the claims lacked merit. Petitioner has thus failed to demonstrate that appellate counsel was ineffective so as to establish cause to excuse his procedural default.

The Court need not address the issue of prejudice when a petitioner fails to establish cause to excuse a procedural default. *See Smith*, 477 U.S. at 533; *Long v. McKeen*, 722 F.2d 286, 289 (6th Cir. 1983). Nonetheless, the Court notes that it would find that the defaulted claims lack merit for the reasons stated by the trial court in denying Petitioner's motion for relief from judgment.

Lastly, Petitioner has not demonstrated that a fundamental miscarriage of justice has occurred. The miscarriage of justice exception requires a showing that a constitutional violation probably resulted in the conviction of one who is actually innocent. *See Murray v. Carrier*, 477 U.S. 478, 479-80 (1986). To be credible, such a claim of actual innocence requires a petitioner to support the allegations of constitutional error with new reliable evidence that was not presented at trial. *Schlup v. Delo*, 513 U.S. 298, 324 (1995). Actual innocence means factual innocence, not mere legal insufficiency. *Bousley v. United States*, 523 U.S. 614, 623 (1998). Petitioner has made no such showing. These two claims are thus barred by procedural default and do not warrant relief.

-9-

Petitioner also asserts that he is entitled to habeas relief because appellate counsel was ineffective for failing to raise the foregoing issues on direct appeal in the state courts. Petitioner, however, is not entitled to habeas relief on an independent claim challenging appellate counsel's conduct. As explained supra, he has not established that appellate counsel was ineffective under the *Strickland* standard, and the defaulted claims lack merit. Habeas relief is therefore not warranted on this claim.

IV.

Accordingly, it is **ORDERED** that the petitioner for a writ of habeas corpus is **DENIED WITH PREJUDICE**.

Before Petitioner may appeal the Court's decision, a certificate of appealability must issue. *See* 28 U.S.C. § 2253(c)(1)(a); Fed. R. App. P. 22(b). A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). When a district court rejects a habeas claim on the merits, the substantial showing threshold is met if Petitioner demonstrates that reasonable jurists would find the district court's assessment of the constitutional claim debatable or wrong. *See Slack v. McDaniel*, 529 U.S. 473, 484-85 (2000). "A petitioner satisfies this standard by demonstrating that . . . jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003). In applying this standard, a court may not conduct a full merits review, but must limit its examination to a threshold inquiry into the underlying merit of the claims. *Id*. at 336-37. When a court denies a habeas claim on procedural grounds without addressing the merits, a certificate of appealability should issue if it is shown that jurists of reason would find it debatable whether Petitioner states a valid claim of the denial of a constitutional right, and that

jurists of reason would find it debatable whether the court was correct in its procedural ruling. *See Slack*, 529 U.S. at 484-85.  Based upon the foregoing discussion, the Court concludes that Petitioner has not made a substantial showing of the denial of a constitutional right as to his habeas claims and that jurists of reason would not find the Court's procedural ruling debatable.  Accordingly, it is further **ORDERED** that a certificate of appealability is **DENIED**.

It is further **ORDERED** that leave to proceed in forma pauperis on appeal is **DENIED** as any appeal would be frivolous and cannot be taken in good faith.  *See* Fed. R. App. P. 24(a).

    s/Thomas L. Ludington
    THOMAS L. LUDINGTON
    United States District Judge

Dated: March 9, 2011

---

**PROOF OF SERVICE**

The undersigned certifies that a copy of the foregoing order was served upon each attorney record herein by electronic means and on Kendall Roberts, #514435, at Robert G. Cotton Correctional Facility, 3510 N. Elm Street, Jackson, MI 49201 by first class U.S. mail on March 9, 2011.

    s/Tracy A. Jacobs