UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

KENDELL ROBERTS, #514435,

        Petitioner,                          Case No. 08-cr-13362

v                                                    Honorable Thomas L. Ludington

THOMAS K. BELL,

        Respondent.

_____/

**OPINION AND ORDER ON REMAND DENYING THE PETITION FOR A
WRIT OF HABEAS CORPUS AND DENYING A CERTIFICATE OF
APPEALABILITY AND LEAVE TO PROCEED IN FORMA PAUPERIS ON APPEAL**

Petitioner Kendell Duprese Roberts, a Michigan prisoner, seeks the issuance of a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Petitioner was convicted of first-degree murder, Mich. Comp. Laws § 750.316(1)(a); two counts of assault with intent to murder, Mich. Comp. Laws § 750.83; and possession of a firearm during the commission of a felony, Mich. Comp. Laws § 750.227b, following a jury trial in Wayne County Circuit Court in 2004. He was sentenced to life imprisonment without parole on the first-degree murder conviction, concurrent terms of 15 to 25 years imprisonment on the assault with intent to murder convictions, and a consecutive term of two years imprisonment on the felony firearm conviction.

In his petition for habeas corpus, Petitioner raises three claims: (1) an in-court identification at trial was invalid; (2) trial counsel was ineffective; and (3) appellate counsel was ineffective. This Court initially denied the petition, finding that the claims were barred by procedural default. On August 7, 2012, the United States Court of Appeals issued an order that disagreed with this Court's and the state court's conclusions that Petitioner's claims were

procedurally defaulted. The Court of Appeals remanded the case to this Court for further proceedings and required attention be given to the merits of Petitioner's habeas claims. On remand, this Court concludes that those claims lack merit and denies the petition for a writ of habeas corpus. The Court also denies a certificate of appealability and denies leave to proceed *in forma pauperis* on appeal.

**I**

Petitioner's convictions arise from a fatal shooting outside Harpo's nightclub in Detroit, Michigan, on May 19, 2004. The trial testimony established that Ray Redmond and Leonard Zavorski were shot while sitting in a car outside the nightclub. Redmond was fatally injured; Zavorski was not. Off-duty police officer Daniel Emery saw one man feeling the scene and ordered him to stop. The man fired shots at Officer Emery, who returned fire. Officer Emery shot the man, who nonetheless managed to escape.

Later that day, Petitioner sought treatment at a hospital for a gunshot wound. The bullet removed from Petitioner's body was turned over to police, and ballistics testing revealed that the bullet had been fired from Officer Emery's gun. Petitioner's hands also tested positive for gunshot residue.

Petitioner denied committing the crime and claimed that he was shot by Officer Emery in error after another man ran by him that night.

At trial, nightclub employee Michael Runkel testified that he observed the incident and identified Petitioner as the perpetrator. At the conclusion of the trial, the jury found Petitioner guilty of first-degree murder, two counts of assault with intent to murder, and possession of a

firearm during the commission of a felony.[1] Petition of Writ of Habeas Corpus 11-16, ECF No. 1.

Following his convictions and sentencing, Petitioner filed an appeal of right with the Michigan Court of Appeals raising the following claims through counsel and in a supplemental pro se brief: (1) trial counsel was ineffective for failing to object to the medical examiner's testimony that the shooting was an "execution style" killing, for failing to seek suppression of eyewitness Michael Runkel's preliminary examination identification, and for failing to produce the clothes Petitioner was wearing when arrested; (2) the prosecutor engaged in misconduct by denigrating Petitioner and defense counsel and vouching for the credibility of the identifying witness; (3) the trial court erred in denying a motion for mistrial after Petitioner's statement to an evidence technician was admitted; and (4) the trial court erred in admitting a photograph of the victim and his son. The Michigan Court of Appeals initially remanded the case to the trial court for a hearing on the ineffective assistance of counsel issues, and subsequently affirmed Petitioner's convictions and sentence. *People v. Roberts*, 2006 WL 2632311 (Mich. Ct. App. Sept. 14, 2006). Petitioner sought leave to appeal with the Michigan Supreme Court, but his application was rejected as untimely.

Petitioner then filed a motion for relief from judgment with the state trial court asserting that: (1) Michael Runkel's identification of Petitioner at trial was tainted due to unduly suggestive identification procedures; (2) trial counsel was ineffective for failing to investigate and retrieve medical records of his prior unrelated leg injury; (3) there was insufficient evidence to convict him; (4) the trial court failed to adhere to the Michigan Court of Appeals' instructions on remand; and (5) appellate counsel was ineffective for failing to raise the foregoing issues on direct appeal. The trial court denied the motion pursuant to Michigan Court Rule

---

[1] The Court further adopts the statement of facts set forth in the petition to the extent it is consistent with the record.

6.508(D)(3)(b)(i) and (iii). *People v. Roberts*, No. 04-006040-01 (Wayne Co. Cir. Ct. May 23, 2007).

Petitioner filed a delayed application for leave to appeal in the Michigan Court of Appeals, which was denied for lack of merit in the grounds presented. *People v. Roberts*, No. 279410 (Mich. Ct. App. Oct. 17, 2007). Petitioner filed an application for leave to appeal with the Michigan Supreme Court, which was denied because he "failed to meet the burden of establishing entitlement to relief under MCR 6.508(D)." *People v. Roberts*, 480 Mich. 1185, 747 N.W.2d 267 (2008).

Petitioner then filed his federal habeas petition, raising the tainted trial identification claim and the ineffective assistance of trial and appellate counsel claims presented to the state courts in his motion for relief from judgment and related appeals. As noted, this matter is now before the Court on remand for a determination as to the merits of those claims. Respondent has filed an answer to the petition contending that it should be denied because the claims lack merit. Petitioner has filed a reply to that answer.

**II**

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") imposes the following standard of review for federal habeas cases brought by state prisoners:

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim—
>
> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d).

A state court's decision is "contrary to" clearly established federal law if the state court arrives at a conclusion opposite to that reached by the Supreme Court on a question of law or if the state court decides a case differently than the Supreme Court has on a set of materially indistinguishable facts. *Williams v. Taylor*, 529 U.S. 362, 405-06 (2000). An "unreasonable application" occurs when "a state-court decision unreasonably applies the law of [the Supreme Court] to the facts of a prisoner's case." *Id*. at 409. "[A] federal habeas court may not issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly. Rather, that application must also be unreasonable." And "where factual findings are challenged, the habeas petitioner has the burden of rebutting, by clear and convincing evidence, the presumption that the state court's factual findings are correct." *Goodwin v. Johnson*, 632 F.3d 301, 308 (6th Cir. 2011) (citing 28 U.S.C. § 2254(e)(1); *Landrum v. Mitchell*, 625 F.3d 905, 914 (6th Cir. 2010)).

"A state court's determination that a claim lacks merit precludes federal habeas relief so long as 'fairminded jurists could disagree' on the correctness of the state court's decision." *Harrington v. Richter*, 131 S. Ct. 770, 786 (2011). To obtain a writ of habeas corpus from a federal court, "a state prisoner must show that the state court's ruling on the claim being presented in federal court was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement." *Id*. at 786-87. Lastly, habeas review is "limited to the record that was before the state court." *Cullen v. Pinholster*, 131 S. Ct. 1388, 1398 (2011).

**III**

**A**

Petitioner first asserts that he is entitled to habeas relief because eyewitness Michael Runkel's in-court identification was tainted. The police informed Runkel that they had a suspect who had suffered a gunshot wound, and Runkel testified that he had expected to see the perpetrator in court. In addition, Petitioner cites inconsistences between his physical attributes, including a prior leg injury, and Runkel's description of the perpetrator. Therefore, Petitioner argues, Runkel's in-court identification was tainted.

Due process protects a criminal defendant against the introduction of evidence that results from an unreliable identification obtained through unnecessarily suggestive procedures. *Moore v. Illinois*, 434 U.S. 220, 227 (1977). A pre-trial identification procedure violates the Constitution if "the confrontation conducted . . . was so unnecessarily suggestive and conducive to irreparable mistaken identification that [the defendant] was denied due process of law." *Stovall v. Denno*, 388 U.S. 293, 301-02 (1967). In other words, a pre-trial identification violates due process when the pre-trail procedure is so "impermissibly suggestive as to give rise to a very substantial likelihood of irreparable misidentification." *Simmons v. United States*, 390 U.S. 377, 384 (1968). If a witness is exposed to an unduly suggestive pre-trial identification procedure, the witness's in-court identification must be suppressed unless the identification has an independent origin untainted by the suggestive pre-trial procedure. *United States v. Wade*, 388 U.S. 218, 241 (1967).

Applying Supreme Court precedent, the United States Court of Appeals for the Sixth Circuit follows a two-step analysis in determining whether an identification is admissible. *See United States v. Crozier*, 259 F.3d 503, 510 (6th Cir. 2001) (citing *Ledbetter v. Edwards*, 35 F.3d 1052, 1070 (6th Cir. 1994)). A court must first determine whether the identification procedure

was suggestive. *Id*. If the court finds that the procedure was suggestive, then it must determine whether, under the totality of the circumstances, the identification was nonetheless reliable and therefore admissible. *Id*. To determine reliability, a court considers five factors: "(1) the opportunity to view the perpetrator during the crime; (2) the witness's degree of attention to the perpetrator; (3) the accuracy of the witness's prior descriptions of the perpetrator; (4) the level of certainty demonstrated by the witness when identifying the suspect; and (5) the length of time between the crime and the identification." *Id*. (citing *Neil v. Biggers*, 409 U.S. 188, 199-200 (1972)). "'Against these factors is to be weighed the corrupting effect of the suggestive identification itself.'" *Id*. (quoting *Manson v. Brathwaite*, 432 U.S. 98, 114 (1977)); *see also Carter v. Bell*, 218 F.3d 581, 605 (6th Cir. 2000).

  A criminal defendant has the initial burden of proving that the identification procedure was impermissibly suggestive. If a defendant meets this burden, then the prosecutor must demonstrate that the identification was independently reliable. *Wade*, 288 U.S. at 240 n. 31; *Johnson v. Warren*, 344 F. Supp. 2d 1081, 1090 (E.D. Mich. 2004). If a defendant does not show that the identification procedures were impermissibly suggestive, or if the totality of the circumstances indicates that the identification is otherwise reliable, no due process violation has occurred. As long as there is no a substantial misidentification, it is for the jury or fact-finder to determine the ultimate weight to be given to the identification. *United States v. Hill*, 967 F.2d 226, 230 (6th Cir. 1992); *Johnson*, 344 F. Supp. 2d at 1090.

  The state trial court addressed this claim in denying Petitioner's motion for relief from judgment. The court concluded that (1) Petitioner was challenging Runkel's credibility rather than the identification procedure itself, (2) the issue was for the trier of fact to evaluate, and (3)

there was no basis for relief. *Roberts*, Wayne Co. Cir. Ct. No. 04-006040-01 at 2-4. The Michigan appellate courts denied leave to appeal this issue.

The state courts' denial of relief is neither contrary to Supreme Court precedent nor an unreasonable application of federal law or the facts. Petitioner does not identify any pretrial identification procedures that occurred, and no photographic arrays or corporeal lineups were conducted before trial. The fact Runkel knew a suspect was in custody and then saw Petitioner at the preliminary examination and in court does not mean that in-court identification was tainted. In *Perry v. New Hampshire*, 132 S. Ct. 716 (2012), the Supreme Court concluded that the Due Process Clause does not require preliminary judicial inquiry into the reliability of an eyewitness identification unless the identification was procured under unnecessarily suggestive circumstances arranged by law enforcement officers. In the absence of official misconduct, challenges to the reliability of eyewitness identification are matters for the jury to determine based upon the evidence. The Court explained:

> When no improper law enforcement activity is involved, we hold, it suffices to test reliability through the rights and opportunities generally designed for that purpose, notably, the presence of counsel at postindictment lineups, vigorous cross-examination, protective rules of evidence, and jury instructions on both the fallibility of eyewitness identification and the requirement that guilt be proved beyond a reasonable doubt.

132 S. Ct. at 721.

The record indicates that Runkel's in-court identification of Petitioner was based upon his recollection of the incident and his observation of the Petitioner in court. The Supreme Court has recognized that in-court identifications "involve some element of suggestion," but has determined that they do not require a pre-trial determination of admissibility. *Perry*, 132 S. Ct. at 727. Petitioner has not shown that the identification at issue resulted from unnecessarily suggestive circumstances arranged by law enforcement. Consequently, under *Perry*, the question

of the reliability of Runkel's in-court identification was for the jury to decide. Petitioner had sufficient opportunity to challenge Runkel's identification at trial. Habeas relief is not warranted on this claim.

Petitioner next asserts that he is entitled to habeas relief because trial counsel was ineffective for failing to sufficiently investigate the medical records of his leg injury and to present the treating physician as a witness to demonstrate that he could not have fled the scene as described by witnesses.

In *Strickland v. Washington*, 466 U.S. 668 (1984), the United States Supreme Court has set forth a two-prong test for determining whether a habeas petitioner has received the ineffective assistance of counsel. First, a petitioner must prove that counsel's performance was deficient, which requires a showing that counsel made errors so serious that he or she was not functioning as counsel as guaranteed by the Sixth Amendment. *Strickland*, 466 U.S. at 687. Second, the petitioner must establish that counsel's deficient performance prejudiced the defense. Counsel's errors must have been so serious that they deprived the petitioner of a fair trial or appeal. *Id*.

As to the first prong, a petitioner must identify acts that were "outside the wide range of professionally competent assistance" to prove deficient performance. *Id*. at 690.The reviewing court's scrutiny of counsel's performance is highly deferential. *Id*. at 689. There is a strong presumption that counsel rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment. *Id*. at 690. The petitioner bears the burden of overcoming the presumption that the challenged actions were sound trial strategy. *Id*. at 689.

As to the second prong, a petitioner must show that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id*. at 694. A reasonable probability is one that is sufficient to undermine confidence

in the outcome. *Id*. "On balance, the benchmark for judging any claim of ineffectiveness must be whether counsel's conduct so undermined the proper functioning of the adversarial process that the [proceeding] cannot be relied on has having produced a just result. *Strickland*, 466 U.S. at 686.

Federal law requires defense counsel to conduct a reasonable investigation into the facts of a defendant's case or make a reasonable determination that such investigation is unnecessary. *Wiggins v. Smith*, 539 U.S. 510, 522-23 (2003); *Strickland*, 466 U.S. at 691; *Stewart v. Wolfenbarger*, 468 F.3d 338, 356 (6th Cir. 2007); *Towns v. Smith*, 395 F.3d 251, 258 (6th Cir. 2005). When making decisions concerning trial strategy, such as what evidence to present and whether to call certain witnesses, a counsel's conduct must be reasonable. *Roe v. Flores-Ortega*, 528 U.S. 470, 481 (2000); *see also Wiggins*, 539 U.S. at 522-23. The failure to present evidence or call witnesses constitutes ineffective assistance of counsel only when it deprives a defendant of a substantial defense. *Chegwidden v. Kapture*, 92 F. App'x 309, 311 (6th Cir. 2004); *Hutchinson v. Bell*, 303 F.3d 720, 749 (6th Cir. 2002).

The United States Supreme Court has confirmed that a federal court's consideration of ineffective assistance of counsel claims arising from state criminal proceedings is limited on habeas review due to the deference accorded trial attorneys and state courts reviewing their performance. "The standards created by *Strickland* and § 2254(d) are both 'highly deferential,' and when the two apply in tandem, review is 'doubly' so." *Harrington*, 131 S. Ct. at 788 (internal and end citations omitted). "When § 2254(d) applies, the question is not whether counsel's actions were reasonable. The question is whether there is any reasonable argument that counsel satisfied *Strickland*'s deferential standard. *Id*. at 788.

The state trial court addressed this claim in denying Petitioner's motion for relief from judgment. The court found that (1) Petitioner had raised this issue in his motion for a *Ginther* hearing; (2) the court had previously determined that he was not denied the effective assistance of trial counsel; and (3) he had not presented any new evidence to support his claim. The state court therefore denied relief on Petitioner's claim for ineffective assistance of counsel. *Roberts*, Wayne Co. Cir. Ct. No. 04-006040-01 at 4-5. The Michigan appellate courts denied leave to appeal.

The state court's denial of relief is neither contrary to Supreme Court precedent nor an unreasonable application of federal law or the facts. The record reveals that trial counsel was well-aware of Petitioner's leg injury, and that trial counsel and the prosecution stipulated to admitting medical records regarding the injury. Trial counsel had the opportunity to observe Petitioner's mobility following his arrest and throughout the trial. Trial counsel may have reasonably determined that further investigation was unnecessary given that the stipulation admitting the medical records and the physician's testimony would have been cumulative. As the Supreme Court has stated, "[t]here comes a point where a defense attorney will reasonably decide that another strategy is in order, thus making particular investigations unnecessary . . . Those decisions are due a heavy measure of deference." *Cullen*, 131 S. Ct. at 1407 (reversing grant of habeas relief on ineffective assistance of counsel claim) (citations omitted). During trial, counsel argued that Petitioner's mobility was impeded and that he was unable to run as described by certain witnesses. Petitioner was not deprived of a substantial defense.

Trial counsel may have also been concerned that the treating physician's testimony would be detrimental, rather than beneficial, to the defense. While Petitioner believes that counsel should have further investigated this issue and produced the treating physician at trial, he has not

- 11 -

offered the physician's testimony in support of his claim or otherwise show that such testimony would have benefitted his case. Conclusory allegations are insufficient to establish that counsel was ineffective. *Cross v. Stovall*, 238 F. App'x 32, 39-40 (6th Cir. 2007); *Workman v. Bell*, 178 F.3d 759, 771 (6th Cir. 1998) (conclusory allegations of ineffective assistance of counsel do not justify federal habeas relief); *see also Washington v. Renico*, 455 F.3d 722, 733 (6th Cir. 2006) (bald assertions and conclusory allegations do not provide sufficient basis for an evidentiary hearing). Petitioner has not established that counsel's performance was deficient.

Moreover, even if counsel erred in this regard, Petitioner is not entitled to relief. The prosecution presented significant evidence of Petitioner's guilt: only one person was observed fleeing the scene; Officer Emery testified that he shot the perpetrator, even though he could not identify him as Petitioner; Petitioner sought treatment for a gunshot wound shortly after the incident and tested positive for gun residue; the bullet removed from Petitioner's leg had been fired from Officer Emery's gun; and Runkel positively identified Petitioner as the perpetrator. Given the evidence, Petitioner cannot demonstrate that he was prejudiced by counsel's conduct. Petitioner has not established that trial counsel was ineffective under the *Strickland* standard and therefore habeas relief is not warranted on this claim.

## C

Lastly, Petitioner asserts that he is entitled to habeas relief because appellate counsel was ineffective for failing to raise the foregoing issues on direct appeal. As discussed, to establish ineffective assistance of counsel, Petitioner must show "that counsel's performance was deficient . . . [and] that the deficient performance prejudiced the defense." *Strickland*, 466 U.S. at 687. A criminal defendant does not have a constitutional right to have appellate counsel raise every non-

frivolous issue on appeal. *Jones v. Barnes*, 463 U.S. 745, 751 (1983). The Supreme Court explained:

> For judges to second-guess reasonable professional judgments and impose on appointed counsel a duty to raise every "colorable" claim suggested by a client would disserve the . . . goal of vigorous and effective advocacy . . . Nothing in the Constitution or our interpretation of that document requires such a standard.

*Id.* at 754.

Strategic and tactical choices regarding which issues to pursue on appeal are "properly left to the sound professional judgment of counsel." *United States v. Perry*, 908 F.2d 56, 59 (6th Cir. 1990). In fact, "the hallmark of effective appellate advocacy" is the "process of 'winnowing out weaker arguments on appeal and focusing on' those more likely to prevail." *Smith v. Murray*, 477 U.S. 527, 536 (1986) (quoting *Barnes*, U.S. at 751-52). "Generally, only when ignored issues are clearly stronger than those presented will the presumption of effective assistance of appellate counsel be overcome." *Monzo v. Edwards*, 281 F.3d 568, 579 (6th Cir. 2002). Appellate counsel may deliver deficient performance and prejudice a defendant by omitting a "dead-bang winner," defined as an issue that was obvious from the trial record and would have resulted in reversal on appeal. *Meade v. Lavigne*, 265 F. Supp. 2d 849, 870 (E.D. Mich. 2003).

Petitioner has not demonstrated that by omitting the foregoing claims on direct appeal, appellate counsel's performance fell outside the wide range of professionally competent assistance. Appellate counsel presented legitimate issues on direct appeal, including other claims of ineffective assistance of trial counsel, several claims of prosecutorial misconduct, and a claim regarding the denial of a mistrial motion. Such issues, although ultimately unsuccessful, were substantial. The claims presented in the motion for relief from judgment were not obviously stronger than the ones raised by appellate counsel on direct appeal. To be sure, the state trial court found that the claims lacked merit and the appellate courts denied leave to appeal.

Moreover, given the state court's ruling that the claims lacked merit, as well as this Court's ruling that the claims do not warrant habeas relief, Petitioner cannot demonstrate that he was prejudiced by appellate counsel's conduct. Counsel cannot be deemed ineffective for not arguing a meritless position. *United States v. Steverson*, 230 F.3d 221, 225 (6th Cir. 2000). Habeas relief is not warranted on Petitioner's claim for ineffective assistance of appellate counsel.

## IV

For the reasons stated, the Court concludes that Petitioner is not entitled to federal habeas relief on his claims. Accordingly, it is **ORDERED** that the petition for writ of habeas corpus (ECF No. 1) is **DENIED**.

Before Petitioner may appeal the Court's decision, a certificate of appealability must issue. *See* 28 U.S.C. § 2253(c)(1)(a); Fed. R. App. P. 22(b). A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). When a court denies relief on the merits, the substantial showing threshold is met if Petitioner demonstrates that reasonable jurists would find the district court's assessment of the constitutional claim debatable or wrong. *Slack v. McDaniel*, 529 U.S. 473, 484-85 (2000). "A petitioner satisfies this standard by demonstrating that . . . jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003). The Court concludes that Petitioner has not made a substantial showing of the denial of a constitutional right as to his habeas claims. Accordingly, it is **ORDERED** that a certificate of appealability is **DENIED.**

- 15 -

It is further **ORDERED** that permission to proceed *in forma pauperis* on appeal is **DENIED** because an appeal cannot be taken in good faith. *See* Fed. R. App. P. 24(a).

s/Thomas L. Ludington
THOMAS L. LUDINGTON
United States District Judge

Dated: September 30, 2013

---

PROOF OF SERVICE

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail, and on Kendall Roberts #514435, Richard A. Handlon Correctional Facility, 1728 Bluewater Highway, Ionia, MI 48846 by first class mail on September 30, 2013.

s/Tracy A. Jacobs
TRACY A. JACOBS

---